## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

TONY L OLSON,                                  )
                                               )
                        **Plaintiff,**         )
                                               )          **CIVIL ACTION**
v.                                             )
                                               )          **No. 14-2474-JWL**
                                               )
CAROLYN W. COLVIN,                             )
**Acting Commissioner of Social Security,**    )
                                               )
                        **Defendant.**         )
_____  )


## MEMORANDUM AND ORDER


This matter is before the court on Plaintiff's response (Doc. 17) to the court's

Order to Show Cause.  (Doc. 13).

Plaintiff filed this action on September 19, 2014 seeking judicial review of a

decision of the Commissioner of Social Security (hereinafter Commissioner) denying

disability insurance benefits (DIB) under sections 216(i), and 223 of the Social Security

Act.  42 U.S.C. §§ 416(i) and 423 (hereinafter the Act).  (Doc. 1).  The court granted

Plaintiff's motion to proceed in forma pauperis, and the United States Marshal served the

summons and the complaint on the Commissioner.  (Docs. 3, 5-7).

In accordance with District of Kansas Local Rule 83.7.1, the Commissioner timely

answered and filed the transcript of the record below on November 25, 2014.  (Doc. 8).

On January 5, 2015, Plaintiff filed a motion to extend the time to file his Social Security

Brief until February 5, 2015, which the court granted that same day.  (Docs. 9, 10).  On

February 5, 2015, Plaintiff filed a second motion for extension of time, seeking to extend

the time to file his Social Security Brief until March 5, 2015.  (Doc. 11).  On the same

day, the court granted Plaintiff's motion in a text entry Order on the Docket Sheet.  (Doc.

12).  The court informed Plaintiff that "[n]o further extensions w[ould] be granted without

a showing of good cause."  Id.  Plaintiff did not file his Social Security Brief or request

further extension of time within the extended deadline.  The court recognized that in

similar situations in the past Plaintiff's counsel has merely waited until the court has

issued an order to show cause, and has thereby extended the time for filing a pleading

without filing a motion for extension of time and without showing good cause for a

further extension of time.  Therefore, on March 13, 2015 the court issued an "Order to

Show Cause" no later than March 20, 2015 "both why he has not shown good cause for a

further extension of time, and why this case should not be dismissed in accordance with

Federal Rule of Civil Procedure 41b and Rule 41.1 of the Local Rules, both for failure to

prosecute this case and for failure to obey the orders of this court."  (Doc. 13) (underline

in original).  In that Order, the Court instructed Plaintiff to file his Social Security Brief as

an attachment to his response to the court's show cause order.  Id.

On Friday, March 20, 2015, Plaintiff filed a "Motion for Extension of Time" to

respond to the court's show cause order, seeking three additional days through Monday,

March 23, 2015 to file his response to the show cause order.  (Doc. 14).  The court

granted Plaintiff's motion (Doc. 15), and thereafter Plaintiff filed a "Motion for Leave to File Plaintiff's Brief Out of Time" (Doc. 16) with his Social Security Brief attached, and "Plaintiff's Response to the Court's Show Cause Order" on Monday night.  (Doc. 17).

In the motion to file Plaintiff's Social Security Brief out of time, Plaintiff's counsel asserts that "Plaintiff's Counsel's efforts have been slowed by recurrent symptoms (concentration, memory, etc.) from Counsel's brain surgery," and that the voluminous record (1850 pages) "required numerous hours to study and thoroughly analyze the many issues involved herein."  (Doc. 16).  The court notes that the Answer was filed on November 25, 2014, and in accordance with Local Rule 83.7.1(d) Plaintiff's Brief was due forty-five days thereafter, on January 9, 2015.   After the two extensions requested by Plaintiff, the Brief was due fifty-five days later, on March 5, 2015.  The Brief was presented to the court for filing eighteen days later, on March 23, 2015, after a total of 118 days for counsel to read, study, and analyze the record, and prepare the Brief.

The court recognizes that in his two motions for extension of time to file Plaintiff's Brief, counsel also explained that he needed the additional time because of the "large volume of Briefs that Counsel has for cases pending in the District Courts of Missouri and Kansas, of which several are due within the same time period."  (Docs. 9, 11). However, Counsel did not quantify this "large volume of Briefs," or the "several" briefs which were due during the applicable time period, and the court notes that during the relevant time period at issue here, January 9, 2015 through March 23, 2015, counsel had two other cases filed in the District of Kansas (No. 13-2439-DDC (closed January 30,

2015), No. 14-2504-SAC (filed 10/06/2014)).  Moreover, the Social Security Brief

presented by counsel for untimely filing includes argumentation for only four alleged

errors in the Commissioner's decision, three errors in the residual functional capacity

(RFC) assessment, and an argument that the hypothetical questioning of the vocational

expert is erroneous because of the alleged errors in the RFC assessment.  (Doc. 16)

(Attach. 1, pp. 31-49).  Nevertheless, the court finds that the voluminous record and the

alleged large volume of briefs pending for Plaintiff's counsel is likely a sufficient

"showing of good cause" to justify a limited further extension of time to complete

Plaintiff's Brief contemplated by the court's order granting Plaintiff's second motion for

extension of time.  (Doc. 12).  But, counsel is on notice that in the future the court expects

much more specific detail to qualify as "good cause" for additional extension of time.

The court notes that while counsel has shown good cause for further extension of

time, his explanation for <u>why</u> he did not show cause for a further extension of time before

the deadline for filing Plaintiff's Brief is singularly unsatisfactory.  In this regard, counsel

explained that "in view of the Court's Order of February 5, 2015 Docket #12, indicating

no more extension, <u>Plaintiff was under the impression that his only recourse was to file

his Brief out of time.</u>"  (Doc. 17) (emphasis added).  In essence, counsel asserts that the

court told him he had to file out of time if he could not complete the Brief before the

February 5, 2015 deadline.  That is preposterous!  The entirety of the court's February 5,

2015 order granting an extension of time is, "ORDER granting <u>11</u> Plaintiff's Unopposed

Motion for Extension of Time to File Initial Brief and the filing deadline is extended to

3/5/2015.  No further extensions will be granted without a showing of good cause."  (Doc.

12).  The Order does not state that no further extension will be granted.  Rather it states

that further extension will be conditioned on Plaintiff's showing of good cause.  What

that means is that Plaintiff will be given no more extensions of time as a matter of course,

but that he must show good cause justifying further extensions of time.

Yet, counsel unilaterally decided not to attempt to justify such an extension of

time.  He decided he would simply file Plaintiff's Brief out of time, and (apparently) seek

belated permission to do so.  However, Local Rule 6.1(a) states, "Parties must file the

motion [for an extension of time] before the specified time expires.  Absent a showing of

excusable neglect, the court will not grant extension after the specified time expires."

D. Kan. R. 6.1(a).  The applicable Rule of Civil Procedure states that "the court may, for

good cause, extend the time: . . . (B) on motion made after the time has expired if the

party failed to act because of excusable neglect."  Fed. R. Civ. P. 6(b)(1)(B).  Counsel

unilaterally chose not to obey those rules in this case.  Because counsel in this instance

has played fast and loose with his client's interests, and because the interests of justice

require it, the court will not enforce that rule to Plaintiff's detriment.  However, counsel

should not assume that the court will always be so solicitous of his errors.

Other than showing cause why further extension of time was necessary to

complete Plaintiff's Brief, counsel provides no argument why this case should not be

dismissed for failure to prosecute or for failure to obey the orders of this court.  "A

district court undoubtedly has discretion to sanction a party for failing to prosecute or

defend a case, or for failing to comply with local or federal procedural rules." Reed v.

Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002).  Because dismissal is a severe sanction, it

should be imposed only if a "lesser sanction would not serve the ends of justice." Id.

(quotation omitted).  In evaluating whether dismissal is an appropriate sanction, the

district court should consider the following factors:  (1) the degree of actual prejudice to

the opposing party, (2) the degree of interference with the judicial process, (3) the

litigant's culpability, (4) whether the court warned the party in advance that dismissal of

the action would be a likely sanction for noncompliance, and (5) whether a lesser sanction

would be effective.  Gripe v. City of Enid, 312 F.3d 1184, 1188 (10th Cir. 2002) (citing

the factors set forth in Ehrenhaus v. Reynolds, 965 F.2d 916 (10th Cir. 1992)).  "It is

within a court's discretion to dismiss a case with prejudice if, after considering all the

relevant factors, it concludes that dismissal alone would satisfy the interests of justice."

Ehrenhaus, 965 F.2d at 916.

Turning to the first factor, the Commissioner has suffered some prejudice by

Plaintiff's failure to actively prosecute this case.  The Commissioner has invested time

and effort into researching and preparing an answer in this case and into preparing the

administrative record and converting it into a format which is compatible with filing in

the court's electronic case filing system.  Moreover, the Commissioner was required to

utilize resources to monitor and review each of the court's orders and Plaintiff's motions

and determine whether any action on her part was necessary or appropriate in the

circumstances.

The second factor also somewhat supports dismissal of this action.  The manner in which Plaintiff has prosecuted this case (or, perhaps more accurately, not prosecuted this case) has risen to the level of interfering with the judicial process.  The court has invested time and effort into shepherding this case through the briefing process laid out in Local Rule 83.7.1, without success.  Plaintiff's responses so far indicate that he will provide what counsel wants to provide when counsel wants to provide it.

This leads to consideration of the third factor, which focuses on the plaintiff's culpability.  The third factor less heavily weighs in favor of dismissal.  As is more fully laid out above, Plaintiff has failed to prepare and file a Social Security Brief since the Commissioner filed his answer and the administrative record on November 25, 2014. Only after the court's Order to Show Cause did Plaintiff actually respond to any of the deadlines or orders issued by the court.  And, as noted above his response did not address all of the concerns noted in the court's order.  However, although Plaintiff is culpable for the actions (or inaction) of his attorney, it is clear as discussed above that the fault rests with counsel and not with Plaintiff specifically.

The fourth factor is also satisfied.  The court's latest "Order to Show Cause" specifically warned Plaintiff that the court was considering dismissal of his case, and expected an explanation why that action should not be taken.  (Doc. 13).

Finally, the court considers the efficacy of lesser sanctions.  Here, counsel has finally presented Plaintiff's Brief, and the court believes lesser sanctions will be effective in securing the "just, speedy, and inexpensive determination" of this action.  Fed. R. Civ.

P. 1.  In this case only, the court will impose the sanction that no further extensions of

time will be given for Plaintiff to perform any act or file any pleading except with a

showing of good cause.  In that showing, the court expects that Plaintiff will demonstrate

specifically in detail why he cannot (or did not) complete the act within the time allocated

and will provide the court with the specific acts performed during the allocated time and

the rationale why those acts were of greater priority than the act to be done in this case.  If

that showing is not adequately made, the extension of time will not be provided.

After consideration of the five Ehrenhaus factors in light of the circumstances of

this case, the court concludes that dismissal of this action is not necessary in light of the

sanction imposed above.  The fault for delay in this case is Plaintiff's counsel's, and it is

not in the interests of justice to make Plaintiff bear the weight of a dismissal.

As noted above, counsel has engaged in a pattern of similar conduct in prior cases.

It will no longer be tolerated.  Counsel is hereby put on notice that his dilatory actions,

failure to follow the orders and rules of the court, and delay in this or other cases in the

future will subject him, personally, to monetary sanctions for such attorney misconduct

pursuant to the court's inherent power to control its docket, and to supervise the attorneys

who practice before it.  Roadway Express, Inc. v. Piper, 447 U.S. 752, 764–67 (1980); In

re Goldstein, 430 F.3d 106, 110 (2d Cir. 2005); Eash v. Riggins Trucking Inc., 757 F.2d

557, 568 (3rd Cir. 1985); Mylo v. Board of Educ., 948 F.2d 1282 (4th Cir. 1991)

(remanded on other grounds); United States v. Dinitz, 538 F.2d 1214, 1221-22 (5th Cir.

1976); In re Itel Sec. Litig., 791 F.2d 672, 675 (9th Cir. 1986); Butler v. Biocore Med.

Technologies, Inc., 348 F.3d 1165, 1175 (10th Cir. 2003); Turner v. Georgetown Univ.,

1990 WL 104891 at *2 (D.C. Cir. June 29, 1990).  In deciding and imposing such

sanctions, the court will use the procedures set forth in Local Rule 11.1 (Sanctions).

**IT IS THEREFORE ORDERED** that this case shall not be dismissed, but that no

further extensions of time shall be granted to Plaintiff without a showing of good cause,

as a sanction for Plaintiff's failure to comply with Federal Rule of Civil Procedure 6,

D. Kan. Rule 6.1, and the court's order (Doc. 12).

**IT IS FURTHER ORDERED** that Plaintiff's Motion to file Plaintiff's Social

Security Brief out of time (Doc. 16) is **GRANTED** and that Plaintiff shall immediately

file the Social Security Brief attached to Plaintiff's motion to file out of time.

Dated this 26th day of March 2015, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**